### HUDSON *v.* KANSAS PACIFIC RY. CO.

*(Circuit Court, D. Colorado. January, 1882.)*

1. RAILROADS—COUPON TICKETS—RIGHTS OF HOLDERS.
    Where a railroad company issues a ticket entitling the holder to a passage over its own and connecting lines to the place of destination mentioned in the ticket, and there is no limitation in it upon the right of the holder to transfer it to another, *held,* that upon the refusal of a connecting line to accept the ticket, and of the contracting company to furnish a local ticket over that line or the amount of money necessary to procure one, the holder has a right of action against the original contracting company for breach of contract; and this right is assignable, under the laws of the state of Colorado, so as to give a right of action to the assignee.

2. VERDICT—DEFECTS IN PLEADING CURED BY.
    It is too late after verdict to object that the assignee alleged that he purchased such ticket, when the proof shows that it was bought by others, or that he failed to allege a failure on the part of the contracting company to redeem the ticket.

On Motion for a New Trial.

*J. F. Welborn,* for plaintiff.

*Willard Teller* and *J. P. Usher,* for defendant.

HALLETT, D. J. Plaintiff alleged that he purchased at St. Louis and at Kansas City, Missouri, in the year 1879, of defendant's agents, certain passenger tickets over the lines of the Denver & Rio Grande Railway, in this state, paying therefor the prices named in the complaint, and that the tickets were, and are, worthless, as the Rio Grande Company refuse to recognize them. At the trial it appeared that the tickets were issued by eastern companies having lines extending to Kansas City, not to the plaintiff, as alleged, but to travelers in the regular course of business. When issued, they provided for passage over the line of the company by which they were issued to Kansas City, and from that place to Denver, over defendant's line, and from Denver to destination, over the lines of the Rio Grande Company. Coupons were attached applicable to the several

parts of the route, and as the Rio Grande Company was to complete the contract, its coupon was the last of the series, and connected with the general provisions constituting the contract. All of them were in substance like those issued by the Missouri Pacific Railway Company, in the following form:

| MISSOURI PACIFIC RAILWAY. | FORM 307. |
|---|---|
| This Ticket entitles the holder to one First-Class Passage<br><br>TO TRINIDAD, COLORADO.<br><br>This Ticket is void unless officially stamped and dated. In selling this Ticket for Passage over other roads, this company acts only as Agent, and assumes no responsibility beyond its own line. This Company assumes no risk on baggage, except for wearing apparel, and limits its responsibility to $100 in value. All baggage exceeding that value will be at the risk of the owner unless taken by special contract. The checks belonging to this Ticket will be void if detached.                    F. E. FOWLER,<br>FORM 307.        *Acting Gen'l Passsenger Agent.* | Issued by MISSOURI PACIFIC RAILWAY COMPANY. Denver & Rio Grande Ry. One First-Class Passage. Denver to Trinidad. This Check is not good if detached. M P-K P-D & R G. Trinidad, Col.<br><br>23 |

It will be observed that there are no conditions as to the time of performing the journey, or as to the right of the purchaser to transfer the ticket to another. It entitles the holder "to one first-class passage" from the place of departure, which, in this instance, was St. Louis, Missouri, to Trinidad, Colorado.

At its office in Denver, for a month or more, the defendant redeemed tickets similar to these in all respects, paying therefor local rates from Denver to the points named in the tickets. It was not then contended that the right was limited to the original purchaser, but payment was made to the holder, and many of them were presented by the plaintiff himself, who received the money for them. The tickets in suit were bought by plaintiff, who calls himself a "ticket broker," in the expectation that defendant would redeem them as had been done with others of the same class. As to these tickets, defendant's agent at first requested plaintiff to hold them a few days until money should be received for redeeming them, and, after four days, defendant absolutely refused to redeem them. Meantime plaintiff had bought others of the same class, amounting in all to the sum in controversy, and after defendant refused them he bought no more.

As to what may be a fair deduction from this proceeding, concerning defendant's liability, there is not much room for discussion.

That defendant should accept the coupon for travel over its own line implies only that it was sold by its authority. But if that was the limit of authority in the company selling the ticket, why should defendant assume responsibility in respect to the remainder of the journey over the Rio Grande line? As to tickets of this class, defendant not only performed the part assigned to it in the original contract by carrying the passenger from Kansas City to Denver, but also protected the remainder of the ticket by furnishing a local ticket to destination, or paying the money which would procure it. A fair inference from such conduct may be that the ticket was originally sold by its authority. And if sold by defendant's authority, and the Rio Grande Company refused to carry the passenger according to its terms, the defendant was clearly liable to some one for the value of the ticket. It must often happen in the effort to draw travel over its lines which would otherwise go to a rival, that a railroad company will assume the burden of carrying a passenger beyond its own terminus, and in such case there would seem to be nothing in reason or authority to exempt it from liability on its contract.

It is conceded that a railroad company may contract to carry a passenger any distance, provided its own line be a part of the journey. And whether the part owned by the contracting company be the first or the last, or from the middle, must be wholly immaterial. The principle is, that, in promoting its own business, a railroad company may make any contract which it may have capacity to perform in some part, although not the whole, and the exact part, whether great or small, cannot be material.

The objection that a contract for transportation over a railroad is not assignable by a passenger, if correct in principle, does not meet the case. The evidence shows that the Rio Grande Company did not accept the tickets, and it must have been known to defendant, when they were sold, that they would not be honored. The fact that other tickets bought of the Rio Grande Company were given in lieu of them, or that money was paid for them at the option of the holder, admits of no other construction. The truth appears to be that the tickets were not sold to be used on the Rio Grande road according to their terms, and could not be so used. How, then, shall we say that the purchaser was bound to ride in person, when he was not allowed to ride either in person or by another, or in any way. If he has no remedy in damages, it would seem that he is without remedy.

It may be conceded also that a ticket is a receipt for passage money, and not full evidence of the contract to carry, as declared in *Quimby's Case,* 17 N. Y. 306. But it is, nevertheless, in the hands of the passenger, evidence of his right to be on the train, without which he cannot travel. By delivering it to another he may signify his purpose to assign his contract with defendant, and that should be enough.

We have seen that although the tickets were for passage over the Rio Grande road they were not available for that purpose, and the right of the holder to demand of defendant a ticket or money, whatever it was, could be maintained. That it was assignable under our statute, so as to give a right of action to the assignee, would seem to be clear, and the delivery of the ticket, although it should be called a receipt or token, should be evidence of such assignment. Can it be questioned that in delivering the ticket to plaintiff the holder intended to part with his right? If he did so intend the right of action is now in the plaintiff, although the contract as originally made may have contained something more than is expressed in the ticket.

It is also said that the facts appearing in evidence are not set out in the complaint, and the proof varies from the allegation. The plaintiff charges that *he* purchased the tickets of defendant's agents, and the fact appears to be that they were bought by others, of whom plaintiff bought them. He has said nothing in the complaint of the redemption of the tickets by defendant, but relied on the refusal of the Rio Grande company to honor them. Whatever weight this objection would have, if made at the trial, it is believed that it comes too late after verdict. The matter in issue between the parties was the present value of the tickets, as defendant must have understood from the complaint, and no formal objection can now be entertained.

The motion for new trial will be denied.